UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.:5:08-CV-00203-TBR

**ABIGAIL TUCKER**                                                                                      **PLAINTIFF**

**v.**

**CITY OF PRINCETON, KENTUCKY**                                                       **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant, City of Princeton, Kentucky's, Motion for Leave to File Amended Answer (Docket #8). Plaintiff, Abigail Tucker, has filed a response (Docket #9). Defendant has filed a reply (Docket #10). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion is **GRANTED**.

### BACKGROUND

Plaintiff, Abigail Tucker, was hired as a patrolman with the City of Princeton Police Department ("Department") on June 22, 2001. Plaintiff was under the supervision of a superior officer of the Department, Rocky Howton, after December 10, 2003.

Plaintiff alleges that in 2003, Howton began to harass her on account of her sex and on several occasions insinuated he wanted Plaintiff to engage in a sexual relationship with him. Plaintiff alleges that after she refused to engage in a sexual relationship with Howton he began to discriminate against her and on two occasions caused her not to be promoted in rank because of her sex. Specifically, in 2005, a male officer with less experience than Plaintiff was recommended by Howton to be promoted to Sergeant. In 2008, Howton recommended Officer Larry Schultz for promotion to Sergeant, although he had less experience than Plaintiff.

Plaintiff filed a charge with the Equal Employment Opportunity Commission alleging sexual discrimination. The EEOC granted Plaintiff a notice of her right to bring suit on November 19,

2008. Plaintiff filed suit on December 15, 2009. Plaintiff raises claims of discrimination under Title VII of the Civil Rights Act of 1964, discrimination under the Kentucky Civil Rights Act, negligent supervision, and negligent retention.

Defendant filed its answer on February 16, 2009. A scheduling order was entered April 8, 2009, which stated all motions to amend pleadings should be filed by July 31, 2009. Plaintiff's deposition was taken on September 22, 2009. Defendant now moves for leave to file an amended answer.

## STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule directs that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule gives effect to the principle that, as far as possible, cases should be determined on their merits and not on technicalities. *Cooper v. Am. Employers' Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961). Denial of leave to amend may be appropriate "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003) (citations and quotation omitted).

## DISCUSSION

Defendant states in support of its motion that the deposition of the Plaintiff was completed on September 22, 2009. Defendant asserts that based on Plaintiff's testimony it became apparent to Defendant an additional affirmative defense should be set forth in Defendant's answer, the

2

Kentucky Workers' Compensation Act. Plaintiff argues that the affirmative defense to be set out in the amended answer, the Kentucky Workers' Compensation Act, does not apply to the case at bar and therefore Defendant should not be allowed to amend its answer. Defendant asserts good cause has been shown to amend and the amendment would not be futile.

Although the date set in the scheduling order for amendment of pleadings has passed, Rule 15 directs that the Court should freely give leave to amend pleadings when justice so requires. Plaintiff does not assert that she would be prejudiced by the amendment. Additionally, this case is still at the early stages of discovery.

Finally, after reviewing the decisions in *Grego v. Meijer*, 239 F. Supp. 2d 676 (W.D.Ky. 2002), *Crawford v. Celanese Ltd.*, No. 5:05-cv-160, 2006 WL 1174015 (W.D. Ky. May 3, 2006), and *Wallis v. NPC International, Inc.*, No. 5:06-cv-58, 2007 WL 923091 (W.D. Ky. March 21, 2007), the Court finds amendment of Defendant's answer would not be futile.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** Defendant's Motion is **GRANTED**.